IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:08-CV-65 -BO

HENRY R. HATCHER )
)
Plaintiff, )
v. )            O R D E R
)
MICHAEL J. ASTRUE, )
Commissioner of Social Security, )
)
Defendant. )
_____ )

This matter is before the Court on cross motions for Judgment on the Pleadings pursuant

to FED. R. CIV. P. 12(c). Plaintiff claims his ailments are sufficiently disabling to qualify her for

benefits. The Commissioner contends that the denial of benefits is supported by substantial

evidence. For the reasons stated below, Plaintiff's Motion for Judgment on the Pleadings is

DENIED and the Commissioner's decision is AFFIRMED.

I.      SUMMARY OF THE INSTANT DISPUTE

On August 8, 2003, Plaintiff filed an application for Social Security disability insurance

benefits. Transcript ("T") p. 48. Plaintiff's application was denied initially and upon

reconsideration. T pp. 37, 43. Plaintiff requested a hearing, which was held on December 13,

2005. T p. 327.

On December 21, 2006, the Administrative Law Judge ("ALJ") issued a decision adverse

to Plaintiff, in which he found that Plaintiff was not disabled under the Social Security Act and

could do some kinds of light work. T pp. 27-28. Plaintiff's request for review was denied by the

Appeals Council, rendering the Commissioner's decision final. T p. 5. Plaintiff timely filed this

action, and this matter is now before the Court.

II.    DISCUSSION

The Commissioner's decision is supported by substantial evidence and is AFFIRMED. If the Commissioner's decision is supported by substantial evidence, it is conclusive.[1] Substantial evidence that evidence which a reasonable mind might accept as adequate to support a conclusion.[2] Plaintiff alleges that the ALJ (1) ignored the disability rating Plaintiff had received from the Department of Veteran Affairs ("VA"), (2) improperly reviewed the evidence and offered his non-medical personal opinion, (3) improperly reviewed Plaintiff's alleged impairments, considering them in isolation rather than cumulatively, (4) incorrectly assessed Plaintiff's credibility, and (5) improperly weighed the medical opinions offered by the different physicians.

The ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520, 416.920. In doing so, the ALJ determined that Plaintiff's impairments did not meet or medically equal the criteria of the applicable Listings. Further, the ALJ determined Plaintiff could perform light work. Substantial evidence supports the ALJ's determination.

The ALJ correctly considered the disability rating the VA had given Plaintiff. In doing so, the ALJ observed that, despite the VA's disability rating, Plaintiff had performed physically demanding work for many years. T p. 94. The ALJ determined that, based upon the VA's medical records and the clinical evidence gathered relating to Plaintiff's condition, Plaintiff was not disabled. The ALJ correctly applied the standards of the Social Security Administration in

_____

[1]42 U.S.C. § 405(g).

[2]*Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938).

-2-

making its determination.

No evidence exists to support Plaintiff's contention that the ALJ based its determination on a personal non-medical opinion. Further, substantial evidence supports the pain and credibility analysis performed by the ALJ. The ALJ relied upon the entire record and made its determination regarding Plaintiff's credibility. The ALJ found that Plaintiff suffered a serious injury in 1985, but that the injury had healed after surgery. The record establishes that Plaintiff has the ability to go to the beach, go fishing, spend significant time each day sitting in a recliner, and driving a car. T pp. 338, 344, 349. Further, the record provides that his range of motion is not limited in a significant manner and that he has the ability to rotate his head despite complaining of neck pain. T p. 246. This evidence contradicts Plaintiff's claims of debilitating pain. Coupling this evidence with Plaintiff's previous illegal drug use and attempts to obtain large amounts of pain medication, the ALJ's findings regarding Plaintiff's credibility and subjective complaints are supported by substantial evidence. T pp. 164, 205, 242, 252.

The ALJ also properly weighed the opinions of Dr. Patel and Dr. Markworth. The ALJ found inconsistencies between Dr. Patel's treatment notes and the opinion he offered relating Plaintiff's ability to walk. T pp. 155-56. As a result, the ALJ weighed the opinion of Dr. Patel less than the opinion of Dr. Markworth. Substantial evidence supports the ALJ making such a determination.

Lastly, the ALJ properly assessed Plaintiff's alleged impairments cumulatively when making its determination. The ALJ found that Plaintiff did not have a single impairment or combination of impairments that equal a Listing. T p. 19. The decision and RFC findings discuss the combined effect of such impairments on Plaintiff's functional ability. Plaintiff's

-3-

contention regarding this point is without merit.

III.   CONCLUSION

Because substantial evidence supports the Commissioner's decision, the decision is

AFFIRMED.


SO ORDERED, this ___13___ day of February, 2009.


_____

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE